**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Jesus Esquivel, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiffs,
v.
Doc Able's Auto Clinic, Inc., Georgoules Partnership d/b/a Doc Able's Auto Clinic, Steve Georgoules, individually, Pedro Rosquete, individually, Defendants.

## COMPLAINT

NOW COMES Jesus Esquivel, on behalf of himself and all other similarly situated persons, known and unknown ("Plaintiff"), through counsel, and for his Complaint against Doc Able's Auto Clinic, Inc., Georgoules Partnership d/b/a Doc Able's Auto Clinic, Steve Georgoules, individually, and Pedro Rosquete, individually (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week. Plaintiff also seeks redress for Defendants' violations of the Illinois Wage Payment and Collection, 820 ILCS § 115/1 *et seq*. ("IWPCA"), for Defendants' unauthorized deductions from Plaintiff's pay and for its failure to pay Plaintiff wages for all hours worked.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

3. Plaintiff brings Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b).  Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in, is domiciled in, and is employed by Defendants in Cook County, Illinois, which is in this judicial district.

7. Defendants operate an auto repair business called "Doc Able's Auto Clinic & Tire Co.", located at 936 Chicago Ave., Evanston, Illinois.

8. Plaintiff works at Defendants' auto repair business.

9. Throughout the course of his employment, Plaintiff has been involved in interstate commerce and is an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq.*

### Defendants

10. Defendant Georgoules Partnership d/b/a Doc Able's Auto Clinic and Tire Co. ("Georgoules") was an Illinois corporation doing business within this judicial district and is an "enterprise" as

defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Doc Able's Auto Clinic, Inc. d/b/a Doc Able's Auto Clinic and Tire Co.("Doc Able's") is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Defendant Doc Able's purchased the assets of Georgoules and formed its corporation on or about December 2014. Prior to this time, the corporation name was Georgoules.

13. Defendants Doc Able's and Georgoulous have had two (2) or more employees involved in interstate commerce.

14. Defendant Doc Able's and Georgoules is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Steve Georgoules was the partner of Georgoules and was involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

16. Defendant Steve Georgoules was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

17. Upon information and belief, Defendant Steve Georgoules resides and is domiciled in this judicial district.

18. Defendant Pedro Rosquete is the owner of Doc Able's and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the

authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

19. Defendant Pedro Rosquete is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

20. Upon information and belief, Defendant Pedro Rosquete resides and is domiciled in this judicial district.

<u>**FACTS**</u>

21. At all times relevant, regardless of the owner, Plaintiff has worked as a mechanic at "Doc Able's Auto Clinic & Tire Co" located at 936 Chicago Ave., Evanston, IL 60602 since 1998.

22. When the owners of the business changed in approximately December 2014, the operation and location of the business stayed the same.

23. When the owners of the business changed in approximately December 2014, Plaintiff performed the same job under the same working conditions, and provided the same services to customers.

24. When the owners of the business changed in approximately December 2014, Plaintiff used the same equipment to perform the services he provided.

25. Up until approximately June 2015, Plaintiff regularly worked approximately 55 hours and has not been compensated at time and a half his hourly rate for all hours worked in excess of forty (40) hours in a workweek.

26. From June 2015 to present, Plaintiff has regularly worked approximately 50 hours and has not been compensated at time and a half his hourly rate for all hours worked in excess of forty (40) hours in a workweek.

27. Since approximately 2010 to present, Plaintiff has been compensated at an hourly rate of $30.00 per hour for all hours worked, including hours worked in excess of forty (40) hours per week.

28. Since 1998 to present, Plaintiff has been paid by check every week.

29. Since 1998 to present, Plaintiff has worked over forty (40) hours or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of forty (40) hours.

30. Defendants denied Plaintiff and other similarly situated employees their earned wages.

31. Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

32. Separate and apart from all Defendants failure to pay overtime, from approximately September 2010 until 2013, Defendant Steve Georgoules and Georgoules deducted $29.00 from Plaintiff's weekly pay.

33. The weekly deductions were not required by law, were not for Plaintiff's benefit, were not in response to a valid wage deduction order, or made with Plaintiff's express written consent.

34. Further, from approximately December 2014 to present, Defendants Doc Able's and Rosquete have consistently paid Plaintiff for only 33 hours per week despite him working approximately 50 hours per week since June 2015, and 55 hours prior to June 2015.

## <u>COUNT I: VIOLATION OF THE FLSA</u>
### Overtime Wages Against All Defendants

35. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

37. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

38. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

40. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages Against All Defendants

41. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

44. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

45. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### *Unauthorized Deductions Against Defendants Georgoules Partnership and Steve Georgoules*

49. Plaintiff reincorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

50. This Count arises from Defendants' Georgoules and Steve Georgoules violation of the IWPCA, by making unauthorized deductions from Plaintiff's pay, as described in paragraphs 32-33, *supra*.

51. The IWPCA (820 ILCS 115/9) mandates that all deductions by employers from wages are prohibited unless such deductions are: (1) required by law; (2) to the benefit of such employee; (3) in response to a valid wage assignment or wage deduction order; and (4) made with the express written consent of the employee, given freely at the time the deduction is made.

52. Defendants' deductions from Plaintiff's wages were not required by law, for Plaintiff's benefit, in response to a valid wage deduction order, or made with Plaintiff's express written consent.

53. Defendants made unauthorized deductions from Plaintiff's weekly wages.

54. Defendants' unauthorized deductions violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. Award prejudgment interest pursuant to 815 ILCS § 205/2;

C. Award damages pursuant to 820 ILCS § 115/14(a);

D. Declare that Defendants have violated the IWPCA

D. Award reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV– VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
*Failure to pay all wages earned during all time worked against Defendants Doc Able's and Pedro Rosquete*

55. Plaintiffs re-incorporate by this reference paragraphs 1-48 of this Complaint as if fully set forth herein.

56. This count arises under the IWPCA, for Defendants Doc Able's and Pedro Rosquete's failure and refusal to pay Plaintiff all wages earned during all time worked for Defendants at the rate agreed to by the parties.

57. During the course of employment with Defendants, Plaintiff had an agreement with the Defendants, within the meaning of the IWPCA, to be compensated for all hours worked at the rate agreed to by the parties.

58. Defendants did not pay Plaintiff and the class of employees for all hours worked at the rates agreed to by the parties.

59. Plaintiff is entitled to be compensated for all time worked as agreed between the Plaintiff and the Defendants.

60. Plaintiff and the class of employees are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

61. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F.   Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

s/ Susan Best
Susan Best
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 445-9662
sbest@yourclg.com